United States District Court
District of Connecticut
FILED AT    BRIDGEPORT

10/30          20 14
Roberta D. Tabora, Clerk
By_____
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Hugo A. Lopez and Dinya Lopez,

                **Plaintiffs,**

      -against-

**LANDO RESORTS CORPORATION,**

                **Defendant.**

**14 CIV 1609 (JCH)**

**CIVIL COMPLAINT**

**FOR**

**DECLARATORY JUDGMENT**
**PURSUANT TO 28 U.S.C. §§ 2201, 2202**
**& FRCP RULE 57**

**JURY TRIAL DEMANDED**

    **COMES NOW** Hugo A. Lopez and Dinya Lopez to hereby respectfully seek a declaration of their rights with regard to their legal relations with Defendant, LANDO RESORTS CORPORATION, in the United States District Court for the District of Connecticut, located at 915 Lafayette Blvd., Bridgeport, Connecticut #400, 06604. Plaintiff's have reason to believe the Defendant named herein misrepresented the nature and material facts of the transaction allegedly establishing the agreement Plaintiff's entered into with Defendant in good faith for a Time Share Condominium located at the Vacation Village at Parkway, 3001 Parkway Blvd., in Kissimee Florida.

**PRELIMINARY STATEMENT**

1. On or about November 23, 2012, Plaintiff's Hugo A. Lopez and Dinya Lopez entered into Time Share Condominium Agreement of which the land referred to in Schedule A of the Mortgage or Trust Deed and Assignments was recorded in Official Records Book 4474 at Page 580 of the Public Records of Osceola County Florida, and the Mortgages or Trust Deeds, if any, are shown in Schedule B of the Owner's Form. (See Exhibit A, Owner's Form).

1

2. The ½ share Interest(s) as defined in the Declaration of Covenants, Conditions and Restrictions for Vacation Village at Parkway was recorded in the Official Records Book 1591, Page 379, of the Public Records of Osceola County Florida, and was Assigned Unit Week 43, and Unit 160910 (2 Bedroom/2Bathroom). (See Exhibit A, *supra*).

3. On Page One (1) of In the Warranty Deed and Lien on Real Property of the Time Share Condominium Plaintiff's allegedly purchased, at paragraph six (6), it states: "Grantee as Borrower acknowledges that, in connection with this conveyance, Grantee has executed a Note (the Note) in the amount of eleven thousand six hundred ninety-one and 00/100 Dollars ($11,691.00), providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on 02/15/2020." (See Exhibit B, Warranty Deed and Lien on Real Property, Page 1).

4. On or about April 2, 2014, Plaintiff, Hugo A. Lopez, called the Vacation Village at Parkway office, to discuss a disagreement he had with the billing of maintenance for the Time Share he allegedly was funded for by Defendant, and during the course of that conversation he was told by Kareen Wedderburn that LANDO RESORTS CORPORATION was the developer of Vacation Village at Parkway, and that they funded his Loan for the Time Share.

5. The conversation with Kareen Wedderburn caused Plaintiff, Hugo A. Lopez, to question the validity of her admission that LANDO RESORTS CORPORATION actually funded his Loan, because Plaintiff never received any proof or confirmation of that fact  at any time before, during or after the consummation of

2

the transaction effectuating the Loan Agreement and Note Defendant allegedly funded, so Plaintiff requested that Ms. Wedderburn send him proof of that fact.

6. On or about April 7, 2014, as a precaution against the possible un-timeliness or unresponsiveness of Plaintiff's request for proof of the Defendant's alleged claim made by Ms. Wedderburn on the telephone, Plaintiff's sent Defendant a Qualified Written Request (QWR), to make the correspondences and information specifically sought by him to be a formal matter of record for purposes of acquiring documented and verifiable proof of claim in a timely and conformingly responsive manner.

7. Then on or about May 27, 2014, June 20, 2014 and July 9, 2014 respectively, Plaintiff's sent correspondences to Defendant requesting full disclosure of specific information relating to the funding of the Loan Agreement and Note explicitly delineating the information Plaintiff's required and believed to be entitled to receive in accordance with all applicable law. (See Exhibit C, Four Letters sent by Plaintiff to Defendant Dated April 7, May 27, June 20, and July 9, 2014 respectively).

8. To date, Defendant has not provided the information Plaintiff's have respectfully requested which we believe we are entitled to receive as a matter of law.

9. Instead, on or about July 16, 2014, Defendant had an Attorney from Greenspoon Marder Law Firm send Plaintiff's a letter explaining that Plaintiff(s) are not entitled to the information specified in our lawful requests, but said Attorney did graciously offer us an opportunity to peruse the Original Wet Ink Promissory

Note at our expense. (See Exhibit D, Defendant Attorney's Letter dated July 16, 2014).

10. Consequently, Plaintiff's are seeking clarification of their rights from the Court to determine whether the Defendant's have misrepresented the nature and material facts of our Loan Agreement and funding of our Note, which Plaintiff's respectfully assert, are integrally contingent upon the integrity and validity of the Plaintiff's Note and Loan Agreement with and from the Defendant.

## JURISDICTION

11. Plaintiff invokes this Court's jurisdiction pursuant to Article 3 of the United States Constitution and Title 28 U.S.C. § 2201, and for further relief per § 2202 and to include FRCP Rule 57, for Declaratory Judgment.

12. Plaintiff also invokes Title 28 U.S.C. § 1331, for a Federal Question pertaining to Plaintiff's rights in relation to applicable federal law under governing statutes as will be more clearly specified herein.

13. Plaintiff asserts that venue of the Court in this District is proper pursuant to Title 28 U.S.C. § 1332 for Diversity of Citizenship.

14. Jurisdiction is also invoked pursuant to 12 C.F.R. §§ 226.18 (a), 226.18 (c)(1) & 226 (c)(i)(ii(iii) for questions regarding violations of Regulation Z of the Truth in Lending Act.

15. Plaintiff respectfully demands a jury trial on all issues triable by jury, and also respectfully reserves the Right to amend this Complaint upon discovery of facts and unknown parties to the action.

## PARTIES

16. Plaintiff's Hugo A. Lopez, and his wife, Dinya Lopez, at all times relevant to this action reside at 1224 Pembroke Street, Bridgeport, Connecticut 06608.

17. Defendant LANDO RESORTS CORPORATION, "The Developer" of Vacation Village at Parkway Timeshare Resort, resides 2626 East Oakland Park Blvd., 6th Floor, Fort Lauderdale Florida 33306.

## STATEMENT OF FACTS

18. As stipulated in the Preliminary Statement above, Plaintiff's purchased a Time Share Condominium from Defendant LANDO RESORTS CORPORATION on or about November 23, 2012 for $11,691.00 with interest on a Note under the terms of a Loan Agreement recorded in the Land Records of Osceola County Florida.

19. Plaintiff's provided $2,141.00 cash in consideration of a down payment for the purchase price of the Time Share Condominium under the terms of the Contract.

20. Defendant, LANDO RESORTS CORPORATION issued a Warranty Deed and Lien on Real Property document to Plaintiff's on or around May 21, 2013.

21. Plaintiff's assert and affirm that the only money or capital which Plaintiff's were aware of to fund the transaction for the purchase of the Time Share Condominium was what we put up for the down payment of the Loan Agreement.

22. Plaintiff's have not seen or been given any consideration from Defendant for the purchase of our Note at any time relevant to this transaction and subsequent civil action.

22. Plaintiff's have not seen or been given any consideration from Defendant for the purchase of our Note at any time relevant to this transaction and subsequent civil action.

23. Plaintiff's specifically requested that Defendant provide material proof of the facts about our Promissory Note or what the nature of the Loan Agreement is and who funded the Loan, which we believe we have a right to know pursuant to the Truth in Lending Act Regulation Z at 12 CFR § 226.18 (a) which states: "For each transaction, the Creditor shall disclose…the identity of the Creditor making the disclosures…" and, under  § 226.18 (c)(1)(i)(ii(iii), other detailed disclosures are stated as: (1) "A separate written itemization of the amount financed, including..(i) the amount of proceeds distributed to the Consumer…(ii) the amount credited to the Consumer's account with the Creditor…(iii) any amounts paid to other persons by the Creditor on the Consumer's behalf, the Creditor shall identify those persons."

24. Although Plaintiff's are not trained in the law and do not presume to know the intricacies of legalese, it seems clear to Plaintiff's from a layman's reading of the law of disclosure under Regulation Z of TILA that we are entitled to have the information we requested in our letters to Defendant mentioned herein.

25. Of particular concern to the Plaintiff's, is whether the consummation of the Loan Agreement funding the Note concerning the above mentioned Time Share Condominium was fully disclosed to Plaintiff's in accordance with the Generally Accepted Accounting Procedures (GAAP) and all other applicable law.

26. According to the GAAP and Federal Reserve Publications, two loans are exchanged when a Purchaser of a Loan enters a transaction with a Lender who buys the Purchaser's Note.

27. GAAP requires that the Bank/Lender match the liability of the Purchaser's Note showing that the Bank/Lender funded the Note they accepted from the Purchaser of the Loan in order to justify charging interest on money loaned by them to the Purchaser.

28. Plaintiff's also are concerned about whether the Party who funded their Loan is truly the Holder in Due Course and is being repaid for the money loaned to them by the proper Party, otherwise Plaintiff's believe they are being swindled.

29. Plaintiffs are seeking proof of adequate assurance of due performance pursuant to UCC 2-609.

30. Plaintiff's respectfully expect to be accorded adequate assurance of due performance in accordance with UCC 2-609 which provides that when a demand for adequate assurance of due performance is made, the other Party of interest must give said assurance within thirty (30) days of the demand or the Contract is voidable.

31. Plaintiff's have given notice of demand for adequate assurance of due performance in the letters we sent to Defendant that are mentioned in the Preliminary Statement above and exhibited herein as Exhibit "C".

32. Defendant has not complied with Plaintiff's demand for adequate assurance of due performance for more than thirty (30) days after our last letter.

33. Plaintiff's believe that Defendant has violated the GAAP by misrepresenting their adequate assurance of due performance from not matching the value of Plaintiff's Note in accordance with the Loan Agreement.

34. Plaintiff's believe that because of Defendant's concealment of their due performance obligation that such concealment constitutes *fraud in the factum* for purposes of unjust enrichment through obtaining Plaintiff's Promissory Note for free.

35. At all times relevant, Plaintiff's believe that Defendant knew their representations of funding Plaintiff's Loan were false, and their failure to disclose required information as provided for by law is indicative of their intent of concealment of those misrepresentations.

36. It is for the facts and citations of law stipulated by Plaintiffs herein that Plaintiff's seek clarification of their rights to be assured of due performance and whether Plaintiff's are obligated to honor a Note and Loan Agreement where there is no viable pecuniary mutuality between Plaintiff's.

37. Plaintiffs believe we are being unlawfully charged interest on a Note that Defendant never funded.

38. In other words, Plaintiff's have reason to believe the Defendant named herein did not actually provide any money to fund their Note, and consequently Plaintiff's believe the Loan Agreement between them and the Defendant is a due performance breach of agreement and voidable.

## COUNT I

**DECLARATORY JUDGMENT THAT DEFENDANT MUST FOLLOW GAAP AND REGULATION Z OF THE TRUTH IN LENDING ACT UNDER 12 C.F.R. § 226.18, ET.**

39. Plaintiff's re-allege and incorporate paragraphs 1 through 38 of this Complaint as if fully set forth in this Count I.

40. Plaintiffs bring this Cause of Action against Defendant LANDO RESORTS CORPORATION seeking a Declaration that, as a matter of law, Defendant is required to follow clearly established law and financial industry regulatory standards as it relates to financing loan agreements.

41. Of particular note pertaining to following financial industry standards, as per the GAAP and Federal Reserve Publications, two loans are exchanged in a Loan Agreement transaction.

42. The "loan" the Purchaser provides to the Bank/Lender is the Promissory Note. In return, the Bank/Lender must "match" the liability of the Purchaser's Promissory Note showing that the Bank/Lender owes the Purchaser the value of the Note they accepted and hold as an asset. This is integral to the "mutual assent" aspect of the Contract.

43. The Defendant, by Contract, is required to provide equal substance, i.e. "match" the Plaintiff's Note for value, in order to justify charging interest on the Loan Agreement.

44. As per the GAAP the bookkeeping entries a Bank/Lender must show that the Bank/Lender accepted a Purchaser's Promissory Note as "new money" or "money equivalent" and may deposit it just like depositing cash into a checking account.

45. Given this description of the nature of the transaction as expressed in the protocols of the GAAP and Federal Reserve Publications, the Promissory Note

9

the Defendant has accepted from Plaintiff's named herein has value as money or a money equivalent that Defendant purportedly may have deposited into an account or holds as an asset.

46. A Purchaser's signature on the Loan Agreement and Promissory Note, in and of itself, cannot be used as verification of mutual assent attesting to the fact that the Bank/Lender actually loaned any of the Bank/Lender's money.

47. Plaintiffs have repeatedly requested the Defendant provide specific documentation to verify the validity of the Loan Agreement and integrity of the Note, but Defendant has not been forthcoming with that information, and in fact has held the position that Plaintiff's are not entitled to said information.

48. Plaintiffs believe they are entitled to the documentation and information they have lawfully requested, and Defendant does not. That disagreement is one of the issues creating the justiciable controversy begging clarification of rights between the parties named herein.

49. Accordingly, Plaintiff's respectfully seeks Declaratory Judgment that the Defendant is required to follow the standards and provisions of the GAAP and Regulation Z of the Truth in Lending Act, and disclose and provide proof that Defendant is in compliance with the applicable law by showing verifiable documentation that they did, in fact, fund Plaintiff's Note in accordance with the Loan Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff's pray this Honorable Court grant Judgment declaring the right of Plaintiff's to be given full disclosure of the financial

CORPORATION in accordance with all applicable law, and that the actions of Defendant, LANDO RESORTS CORPORATION, to deny Plaintiff's said full disclosure was a violation of Plaintiff's rights under all applicable law.

## COUNT II

**DECLARATORY JUDGMENT THAT DEFENDANT DID NOT FOLLOW CLEARLY ESTABLISHED LAW AND FINANCIAL INDUSTRY REGULATIONS IN THE TRANSACTION CREATING PLAINTIFF'S LOAN AGREEMENT AND NOTE AND THEREFORE THE CONTRACT PLAINTIFF'S ENTERED INTO WITH DEFENDANT IS VOIDABLE.**

50. Plaintiff's re-allege and incorporate paragraphs 1 through 49 of this Complaint as if fully set forth in this Count II.

51. Plaintiff believes that Defendant's failure to provide adequate assurance of performance in funding the Loan Agreement and taking their money for down payment of $2,141.00 as a good faith gesture for the Loan, together with the Note Plaintiff's are obligated to honor, constitutes theft of their valuable consideration and renders the Contract unenforceable and voidable.

52. Defendant did not at any time during, before or after the transaction creating the Loan Agreement and Note actually use their money to fund Plaintiff's Loan Agreement.

53. Therefore, Defendant in effect swindled or stole Plaintiff's Promissory Note for their unjust enrichment and is now attempting to deny Plaintiff's right to full disclosure of adequate assurance of their performance through subterfuge and obstruction.

54. Under the UCC no Title can be passed through theft. With no viable consideration on Defendant's part given to Plaintiffs to purchase their

disclosure of adequate assurance of their performance through subterfuge and obstruction.

54. Under the UCC no Title can be passed through theft. With no viable consideration on Defendant's part given to Plaintiffs to purchase their Promissory Note, for all intents and purposes, lack of Defendant's proof of purchase is confirmation of the fact that Plaintiff's Promissory Note was swindled and stolen by Defendant's, and if it is in fact discovered that Plaintiff's stolen Note funded the Loan, that would constitute a breach of agreement and render said Note voidable.

55. Defendant's intentional concealment of their failure to provide due performance of the sale and purchase of the Loan Agreement can also be construed as a breach of agreement and render said agreement voidable.

56. Plaintiffs believe we have the right to know if Defendant used their own money to purchase our Promissory Note without surreptitious practices similar to stealing and swindling.

57. The Loan Agreement between Plaintiff and Defendant specifies that interest will be accrued upon the funding of said Loan, which by definition, is a charge for the use of borrowed money.

58. If the Defendant claims to have funded Plaintiff's Loan are indeed true, then the GAAP bookkeeping entries from the inception of the Loan Agreement should confirm that claim, and they should not have a problem with providing those bookkeeping records attesting to the validity of their claim.

59. If Defendant claims that they are not required to follow the GAAP and UCC § 2-609 provision of adequate assurance of due performance, then they cannot prove or confirm the validity of the fact that they actually loaned any money to Plaintiffs at the time of the transaction creating the Loan Agreement in accordance with applicable law.

60. Defendant refuses to disclose to Plaintiff the details of the funding of their Loan Agreement, and whether the recording of that funding was done in accordance with the terms and conditions of the Loan Agreement, GAAP, UCC and all applicable law from the inception of the Loan.

61. If Defendant did not purchase our Note in accordance with the terms of the Loan Agreement, GAAP, UCC, and all applicable law, then for all intents and purposes, Defendant stole our Note and returned the value of that stolen Note to us as a loan for a Time Share Condominium and is charging interest upon us for use of money we were never loaned.

62. Plaintiff's believe Defendant's action of concealing their theft by swindling us for our Promissory Note changes the cost and risk of the alleged Loan and constitutes unjust enrichment for Defendant at Plaintiff's expense.

63. Plaintiffs believe the Promissory Note that Defendant stole funded the alleged Loan for the Time Share Condominium, and that such swindling act perpetrated by Defendant constitutes a breach of agreement making the Loan Agreement voidable.

64. Plaintiffs believe Defendant never performed their obligation conferring mutual assent in the consummation of the Loan Agreement, because they did not put

one cent toward funding Plaintiff's Loan, thereby violating the terms and conditions of the Loan Agreement, the GAAP, the UCC's matching principle and all applicable law.

65. Accordingly, Plaintiff's respectfully seeks Declaratory Judgment that the Defendant's failure to fund Plaintiff's Loan is a violation of the terms and conditions of the Loan Agreement, GAAP, UCC, Regulation Z of the Truth and Lending Act, and all applicable law with regards to Contracts, and said noncompliance with the law and concealment of disclosure on Defendant's part constitutes a breach of agreement and renders said agreement voidable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff's prays this Honorable Court grant Declaratory Judgment, pursuant to 28 U.S.C. §§ 2201 & 2202 and FRCP Rule 57, declaring the Loan Agreement and Note with Defendant voidable and voided because Defendant breached the agreement by not funding the Loan in accordance with the terms and conditions of the Contract and all applicable law, and for further declaratory relief to include equitable damages.

Plaintiff's believe they are entitled to Declaratory Judgment and declaratory relief because they have suffered damages from Defendant's tortuous acts by concealing material facts required by law concerning the funding of the Contract, swindling us out of our Promissory Note and charging us interest for a nonexistent loan, which as a matter of law, may also constitute usury. Resultantly, such adverse tortuous acts perpetrated by Defendant against

Plaintiffs have caused Plaintiffs emotional and mental distress, humiliation of our financial prudence, and loss of confidence.

Plaintiff respectfully requests the Court grant the judgment sought herein, together with actual damages in the amount of $11,691.00, treble damages in the amount of $35,073.00, punitive damages in the amount of $10,000.00, for a total of $56,764.00 as well as the cost of the litigation, and such other and further relief as to the Court seems just and proper.

Dated: _October 30,_ , 2014.
State of Connecticut, County of Fairfield.

Respectfully,

Hugo A. Lopez, *Pro Se*
1224 Pembroke Street
Bridgeport, CT 06608
(203) 543-1577
(203) 296-9836 fx
dinyale@hotmail.com

Dinya Lopez, *Pro Se*

cc: LANDO RESORTS CORPORATION
2626 East Oakland Park Blvd., 6th Floor
Fort Lauderdale, Florida 33306
Attn: Lili B. Kent, Corporate Relations Manager

# EXHIBIT A

## (OWNER'S FORM, SCHEDULE A)

# OWNERS FORM

## Schedule A

**Office File ID**  LOPEZ

**Master ID**   1227548

| **Policy Number** | **Effective Date** | **Amount of Insurance** |
|---|---|---|
| 5011412-179762 | 07/19/2013 | 12,990.00 |

1. Name of Insured:
   HUGO A LOPEZ & DINYA LOPEZ

2. **The estate or interest in the land described herein and which is covered by this Policy**
   FEE SIMPLE

3. **The estate or interest referred to herein is at Date of Policy vested in the insured:**

4. **The land herein described is encumbered by the following mortgage or trust deed, and assignments:**

   Mortgage Executed by HUGO A LOPEZ & DINYA LOPEZ , in favor of LANDO RESORTS
   CORPORATION, a Florida corporation, dated November 23, 2012 and recorded in Official Records Book
   4474 at Page 580 of the Public Records of Osceola County, Florida, and the mortgages or trust deeds, if
   any, shown in Schedule B hereof.

5. **The land referred to in this policy is described as follows:**

   1/2 Time Share Interest(s) as defined in the Declaration of Covenants, Conditions and Restrictions for
   Vacation Village at Parkway, as recorded in Official Records Book 1591, at Page 379, of the Public
   Records of Osceola County, Florida (the "Plan"), as amended from time to time. Together with the right to
   occupy, pursuant to the Plan, Assigned Unit Week 43 and Assigned Unit 160910 (2 Bedroom/2
   Bathroom), in Assigned Year EVEN.

**This policy valid only if Schedule B is attached**

Esc/122581

# EXHIBIT B

## (WARRANTY DEED AND LIEN ON REAL PROPERTY)



THIS INSTRUMENT PREPARED BY:
LEONARD LUBART, ESQ.
GREENSPOON MARDER, P.A.
100 West Cypress Creek Road, #700
Fort Lauderdale, Florida 33309

7001006

# WARRANTY DEED AND LIEN ON REAL PROPERTY
Vacation Village at Parkway

DOCUMENTARY STAMP TAXES AND INTANGIBLE TAXES HAVE
BEEN PAID PURSUANT TO FLORIDA STATUTES, §199.133(1),
201.02(1) AND 201.02(2).

THIS INDENTURE made this 23rd of November, 2012, between   Lando Resorts Corporation   , organized and existing under the laws of the State of Florida, hereinafter referred to as "Grantor" or "Lender" as appropriate, and Hugo A. Lopez and Dinya Lopez, Husband and Wife whose post office address is 3001 Parkway Boulevard, Kissimmee , FL 34747, hereinafter referred to as "Grantee" or "Borrower" as appropriate

## WITNESSETH:

That the Grantor, in consideration of Ten ($10.00) Dollars and other good and valuable consideration to it paid by the Grantee, the receipt of which is acknowledged, has bargained and sold, and by these presents does grant, bargain, sell and convey unto the aforesaid Grantee, their heirs, devisees, successors and assigns, forever the following described property, (the "Property") situate and being in the County of Osceola, State of Florida:

1/2 Timeshare Interest(s), as defined in the Declaration of Covenants, Conditions and Restrictions for Vacation Village at Parkway A TIMESHARE RESORT, recorded in Official Records Book 1591, Page 379, of the Public Records of Osceola County, Florida (the "Declaration"), together with the right to occupy, pursuant to the Declaration, Assigned Unit Week 43 and Assigned Unit 160910 in Assigned Year Biennial-Even

Parcel Identification No. R0525284641000000C0

Grantee shall not be deemed a successor or assign of Grantor's rights or obligations under the aforedescribed Declaration or any instrument referred to therein. Grantee, by acceptance hereof, and by agreement with Grantor, hereby expressly assumes and agrees to be bound by and to comply with all of the covenants, terms, conditions and provisions set forth and contained in the Declaration, including, but not limited to, the obligation to make payment for assessments or the maintenance and operation of the Resort which may be levied against the above described Time Share Interest, and the obligation to pay the indebtedness as described below, subject to the lien granted and reserved herein.

And the Grantor does hereby fully warrant the title to said property and will defend the same against lawful claims of all persons whomsoever, subject to easements, conditions, restrictions, covenants and limitations of record and taxes for the year of the conveyance and subsequent years.

Grantee as Borrower acknowledges that, in connection with this conveyance, Grantee has executed a Note (the "Note") in the amount of eleven thousand six hundred ninety-one and 00/100 Dollars ($11,691.00), providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on 02/15/2020.

Grantee as Borrower does hereby further mortgage, grant and convey to Grantor as Lender, and Lender does hereby reserve unto itself, its successors and/or assigns, a lien and security interest in the Property in order to secure repayment of the Note. Notwithstanding the provisions of paragraph 19 of the Master Form of Mortgage and Riders and Addendums attached thereto, if any, recorded in Official Records Book 1352, at Page 2401, of the Public Records of Osceola County, Florida (the "Master Mortgage"), if the Borrower fails to make timely payments under the obligation secured by this mortgage, or is otherwise deemed in uncured default of this mortgage, the lien against the Borrower's Timeshare Interest created by this mortgage may be foreclosed in accordance with either a judicial foreclosure procedure or a trustee foreclosure procedure and may result in the loss of Borrower's Timeshare Interest. If the Lender initiates a trustee foreclosure procedure, the Borrower shall have the option to object, and the Lender may proceed only by filing a judicial foreclosure action. Lender and Borrower hereby expressly adopt and incorporate by reference as if fully set forth herein and hereby agree to be bound by the covenants and agreements contained in the Master Mortgage. The lien and security interest granted herein may be assigned by Lender by separate assignment of the lien and security interest created hereby. Notwithstanding anything contained herein to the contrary, this instrument shall be deemed one instrument consisting of both a conveyance of real property and the granting and reservation of a lien and security interest.

Signed, Sealed and Delivered in the Presence of:

Lando Resorts Corporation

BY:

Print Name: Cynthia Pagan

Print Name:

Name:   Michelle Boose
Title:   Authorized Agent

3015 North Ocean Boulevard, Suite 121
Fort Lauderdale, Florida 33308

STATE OF Florida, COUNTY OF Orange

The foregoing instrument was acknowledged before me this 21st day of May, 2013 , by Michelle Boose as Lando Resorts Corporation  He/she is personally known to me or has produced _____ as a type

IN WITNESS WHEREOF, Borrower has executed this instrument.

GRANTEE/BORROWER Hugo A. Lopez

GRANTEE/BORROWER Diana López

CT

STATE OF Florida, COUNTY OF Broward

The foregoing instrument was acknowledged before me this 23rd day of November, 2012, by Hugo A. Lopez and Diana Lopez, who is

Subscribed and Sworn to before me, a Notary

Public, in and for County of

and State of Connecticut, this ___ day of

_____, 20__

NOTARY PUBLIC

My Commission Expires March 31, 2018

Notary

CONSUELO BERNAL
NOTARY PUBLIC
MY COMMISSION EXPIRES AUG. 31, 20__

# EXHIBIT C

## (FOUR LETTERS SENT BY PLAINTIFFS TO DEFENDANT)

**Hugo A. Lopez**
**1224 Pembroke Street**
**Bridgeport, CT 06608-1741**
**(203) 543-1577**
dinyale@hotmail.com

**April 7, 2014**

LANDO RESORT
5405 Diplomat Circle, Suite 106
Orlando, Fl 32810
(800) 495-4678
(407) 629-8018
Attn: Kareen Wedderburn, Account Supervisor

VACATION VILLAGE at PARKWAY
P.O. BOX 350547
Ft. Lauderdale, Fl 33335-0547
Owner Services: (407) 479-3070 / (954) 561-5866
accounts@dailymanagementresorts.com

Re: **Loan Contract Number – 7001006-910-43-E**
     Contract I.D. – 411622
     Owner I.D. – 411220

     Dear Sir or Madam:

     This is a QUALIFIED WRITTEN REQUEST (QWR) as provided for under § 6 of
RESPA.

     I hereby demand:

1. Certified copies of all original documents pertaining to the financing/funding of
   the mortgage loan contracted by Hugo A. Lopez with LANDO RESORT and
   VACATION VILLAGE at PARKWAY, showing where LANDO RESORT, acting
   as the financing agent, actually provided any financial consideration on behalf
   of Hugo A. Lopez, in the amount of $11,691.00 for their Loan Agreement.

2. Proof that LANDO RESORTS, who claims to have financed Hugo A. Lopez's
   Mortgage Loan Agreement, issued a Loan Check, or equivalent monetary
   instrument, in accordance with generally accepted accounting principles and
   Federal Reserve Bank rules, regulations, policies and procedures to
   VACATION VILLAGE at PARKWAY.

1

3. Proof that LANDO RESORTS, the alleged financer of Hugo A. Lopez's Mortgage Loan with VACATION VILLAGE at PARKWAY wrote a Bank Check to cover Hugo A. Lopez's Mortgage Note as substantiation for Hugo A. Lopez's obligation to pay said Mortgage Note.

4. Proof that LANDO RESORTS, the alleged financer of Hugo A. Lopez's Mortgage Loan with VACATION VILLAGE at PARKWAY actually performed its responsibility to disclose to Hugo A. Lopez that they contributed full value of the Mortgage Agreement to VACATION VILLAGE at PARKWAY, thereby solemnizing the Mortgage Agreement.

5. Proof that the Mortgage Note (Security Instrument) created by Hugo A. Lopez was not deposited into an account other than the LANDO RESORTS as the original Holder In Due Course of said Mortgage Note.

6. Proof that LANDO RESORTS actually does have Hugo A. Lopez's Mortgage Note in their possession.

7. If LANDO RESORTS does not have Hugo A. Lopez's Mortgage Note in their possession, then provide disclosure of who has it, and when was it transferred, assigned or sold.

8. Full disclosure of who the Title Insurance Policy Beneficiary is.

**NOTE: All information requested herein must cover the entire life of the Mortgage Loan. You have twenty (20) days to acknowledge receipt of this QWR. Please comply with federal law and send ALL the information requested herein within the sixty (60) days allowed under § 6 of RESPA.**

Respectfully,

Hugo A. Lopez

Sworn To Before Me This

_____ day of April, 2014.

Notary

**ANGEL REYES**
**NOTARY PUBLIC**
**My Commission Expires May 31, 2018**

2

Hugo A. Lopez
1224 Pembroke Street
Bridgeport, Connecticut 06608
(203) 543-1577
dinyale@hotmail.com

May 27, 2014

LANDO RESORTS CORPORATION
2626 East Oakland Park Blvd., 6th Floor
Fort Lauderdale, Florida 33306
Attn.: Lili B. Kent, Corporations Manager
       Emilia Montenegro, Mortgage Dept. Accounts Executive

Re: Mortgage Account No. 87957001006.
    Loan Contract No. 7001006-910-43-E

Dear Sir or Madam:

Thank you for responding to my letter dated April 7, 2014. And thank you for pointing out that you do not fall under the Fair Debt Collections Practices Act. Despite the fact that you believe I am trying to avoid my financial responsibilities and obligations, which is a spurious accusation against my character, considering the fact that my financial obligation to you is not deficient or negligent, I thought my QWR correspondence was specific enough to elicit a proper response to my queries. Considering the intellectual acumen your office's ability to elucidate your relationship to the FDCPA it seems to me you can understand the nature and specificity of the information and documentation I requested in the body of my QWR.

I did not infer there was any error regarding my account. I unequivocally requested specific information concerning the financing of my Loan Agreement with LANDO RESORTS who claims to have financed my Mortgage and Note. The only thing your office provided concerning my specific requests delineated in my QWR was to offer an opportunity to peruse the original Note that is secured somewhere in a vault. Although I am pleased to be

1

afforded that opportunity, that is not sufficient to satisfy my queries about the financing of my Mortgage Agreement that is seriously questionable as to the veracity and validity of that aspect of the transaction between your Company and me that created the Note you have secured in a vault somewhere. The most serious concern of mine is I want to know that I was not induced into signing a fraudulent contract where the Lender violated the Truth in Lending Act by failing to disclose the fact that I was not, at any time in the course of the transaction to create my obligation to this Loan, actually loaned any money by your Company.

I am convinced that your Company did not loan me any money to 'finance' my Mortgage Agreement and Promissory Note. I am convinced that your Company failed to perform your part of the Mortgage Agreement by providing funding for the value of my Mortgage Agreement and Promissory Note. I am also convinced that your company failed to provide me with any consideration with regard to my Mortgage Agreement and Promissory Note. I thought my QWR was very explicit in pointing out the specificities and nature of my request and demand for the information and documentation I was asking for. Forgive me if it was vague and incomprehensible. I will be more specific from now on. To put it plainly, I respectfully demand to see proof that your Company financed my Loan, and I would like to have that proof within twenty (20) days from your receipt of this letter. If you do not provide proof of your security interest in my Mortgage Agreement and Note, I expect your Company to remedy your breach of contract according to my consent and approval and all applicable law.

I reserve the right to request further documents and information as needed.

Thank You In Advance For Your Considerate Response,


------------------------------------
        Hugo A. Lopez

2

Hugo A. Lopez

1224 Pembroke Street

Bridgeport, CT 06608

dinyale@hotmail.com

(203) 543-1577

June 20, 2014

LANDO RESORT

5405 Diplomat Circle, Suite 106

Orlando, FL 32810

(800) 495-4678

(407) 629-8018

Attn: Lili B. Kent, Corporations Manager

   Emilia Montenegro, Mortgage Department Accounts Manager

Re: Mortgage Account No. 87957001006

   Loan Contract No. 7001006-910-43-E

<u>NOTICE OF ACTUAL FAILURE OF FULL DISCLOSURE</u>

To Whom It May Concern:

Thank you again for responding to my Qualified Written Request acknowledging receipt thereof. As yet, I still have not received the documents requested therein, or an opportunity to peruse the 'wet ink' Mortgage Agreement and Original Promissory Note. I am hereby presenting this Notice of Actual Failure on your part of Full Disclosure. I require proof that the loan agreement between your Company and me is valid and attested to by a Sworn Affidavit from a Party having direct personal knowledge of the

1

mortgage agreement. The documents I require to establish the validity of the Loan as specified herein are:

1. Name of the 'source' that funded money equivalent to the amount agreed to finance the alleged debt between the Original Mortgage Lender and me.

2. A Certified Copy of the balance sheet showing within the 'source' account that the money equivalent to the alleged debt incurred by me was deposited into that 'source' account in accordance with Generally Accepted Accounting Procedures (GAAP) of the Federal Reserve Bank.

3. The balance sheet entry showing the asset transfer from the Original Lender's account into the 'source' account.

4. The name of the Principal Officer of the Original Lender or Financial Institution involved in the alleged debt that financed or funded money advances of valuable consideration for the Promissory Note on my behalf.

5. An Affidavit from the Party having firsthand knowledge that lawful money was advanced on behalf of Hugo A. Lopez, and not credit or Bills of Credit, or non-redeemable privately issued Promissory Notes under Title 12 § 411.

6. An Affidavit from a Party having firsthand knowledge attesting to the fact that LANDO RESORTS is that the Lender that actually loaned Hugo A. Lopez any money in the creation of the alleged Loan Agreement.

7. The position(s) held in your Company or the Original Lender's Company by the Affiants supplying the requested Affidavits as stipulated above.

8. "Money, in usual and ordinary acceptation, means gold, silver or paper money used as a circulating medium of exchange and does not embrace Notes, (Federal Reserve Notes), Bonds, evidences of debt or other personal property or Real Estate. (Lane V. Railey, 280 Ky. 319, 133 S.W. 2d 74 & 81. Black's Law Dictionary, p. 1157 [1968]).

9. Upon the definition expressly stipulated in line item number 8 above, Provide the lawful authority the Original Lender has to loan me anything other than lawful money to create a debt obligation.

10. Provide proof that the Original Agreement was not unconscionable for failure to disclose all aspects of the agreement.

11. Provide proof that the Original Agreement was not unconscionable for failure of the alleged Lender or Lender's Agent to sign said agreement and exchange valuable consideration to lawfully consummate it.

12. Pursuant to the Truth in Lending Act (TILA), the Original Lender, its Agents and Assigns are required to disclose to the debtor evidence establishing the fact that the cash value to fund the alleged debt was procured on the debtor's behalf by them.

13. Provide proof of your Company's and the Original Lender's compliance with the lending laws of Title 15 § 1601 et. seq. and Regulation Z.

14. This Notice of your Actual Failure to provide Full Disclosure hereby gives you Notice that pursuant to Title 15 § 1692(e), " A false, deceptive and misleading representation in connection with the collection of any debt includes the false representation of the character or legal status of any debt, and further makes a threat to take any action that cannot legally be taken from a deceptive practice."

15. Failure to provide verified copies, and or, originals of the requested documents within twenty-one calendar days for verification purposes will be considered as silent acquiescence and tacit agreement that you have breached your fiduciary duty and I have no obligation for any alleged mortgage agreement and I can rescind said mortgage agreement.

16. Your failure to provide the evidence as requested by me may also be construed as 'fraud in the *factum*' for implying I was loaned any money that you are entitled to be repaid through your funding of said loan, when you have no proof of ever loaning me any money.

17. Pursuant to the GAAP, I am entitled to repay any loan in the same specie of money or credit that the Lender or Financial Institution used to fund the loan.

18. I need full disclosure of the funding of my alleged debt to your Company so that I can discern the validity of said debt and medium of repayment.

19. I have not seen any proof that your Company, or any Financial Institution, its Agents and Assigns ever loaned me any lawful money, the equivalent of lawful money, or other Depositor's money/funds on my behalf to fund the alleged loan your Company claims to have funded.

20. I have not seen any evidence to affirm any assurance that your Company performed their fiduciary duty to protect the alleged Promissory Note concerning any presumed loan attached to me  pursuant to UCC § 3-307.

21. By failing to protect the rights of the debtor, in accordance with UCC § 3-307 your Company, and its Agents and Assigns has defrauded me during and after the transaction that created the alleged loan.

22. I have not seen any evidence that your Company has not breached its fiduciary duty pursuant to UCC § 3-307.

23. Therefore, I require proof you have not lost your right to recoupment of the alleged debt pursuant to UCC § 3-305.

24. I require all of the aforementioned evidence to qualify your proof of claim to determine the integrity and value of the alleged loan within twenty (20) days of receipt of this Notice.

Your Company's Considerate and Timely Response is Appreciated.

Respectfully,

_____

Hugo A. Lopez

4

Hugo A. Lopez

1224 Pembroke Street

Bridgeport, CT 06608

(203) 543-1577

dinyale@hotmail.com

July 9, 2014

LANDO RESORT CORPORATION

2626 East Oakland Park Blvd., 6th Floor

Fort Lauderdale, FL 33306

Attn.:  Lili B. Kent

Corporate Relations Manager

LANDO RESORT CORPORATION

Re:  Hugo A. Lopez and Dinya Lopez

Loan Contract No. 7001006-910-43-E

Mortgage Account No. 87957001006

## NOTICE OF INVOICE AND DEMAND FOR RETURN
## OF THE ORIGINAL PROMISSORY NOTE AND RELEASE AND RETURN OF
## THE ORIGINAL MORTGAGE AGREEMENT

Dear Sir or Madam:

Your Company's failure to provide documentary proof attesting of your good faith performance to provide the funding for the creation of my debt obligation to you equitably estopps your right to receive any further payment by me to satisfy that presumed obligation.  On three (3) separate occasions this year, April 7th, May 27th, and

1

June 20th respectively, I submitted to you Qualified Notices requesting specific disclosure of the particulars relevant to the funding of the Loan Agreement and Promissory Note between your Company and me. Though I have received two (2) replies to those correspondences, your Company has not as yet complied with my lawful requests for disclosure, and resultantly, your failure to comply constitutes acquiescence of my assertion that you did not in good faith provide the funding of my Loan Agreement and Promissory Note.

You have not given me adequate assurance of performance in the Loan Agreement on your part, establishing that your Company actually provided the money to purchase the Promissory Note and Mortgage Agreement signed by me, and you never gave me adequate assurance that my signature endorsing said Promissory Note and Mortgage Agreement did not in effect produce the capital to issue any alleged Check funding my alleged obligation to said Loan Agreement. If you cannot prove that you ever gave me a check or paid any money on my behalf to finance or purchase my Promissory Note, then you admit that no Check or funding was given by you as consideration for my Promissory Note. If you agree you never loaned me a Check or provided any money on my behalf to fund my Promissory Note, I demand that you refund my payments to me in full with interest and penalties accruing to the full value of my Promissory Note. If the Promissory Note signed by me funded my Loan Agreement, then Your Company never loaned any money to me and I funded my own Loan, and am entitled to be paid the full value of the Loan Agreement.

You have not responded within the twenty (20) days I requested for you to answer my lawful inquiries on three (3) occasions with adequate assurance of the good faith performance on your part attesting to the fact that your Company funded my Loan. Consequently, your inability or noncompliance to produce any proof of your Company's standing as Holder in Due Course can be construed as repudiation of my alleged Loan Agreement with you. Unless you provide the requested disclosure information specified within the three (3) previous Notices referred to herein on a point by point basis upon thirty (30) days of your receipt of this invoice and demand, I am invoicing your Company to remit the full value of my Promissory Note and Mortgage Agreement to me, and

return the Original Promissory Note and Mortgage Agreement together with a Mortgage Release Certificate with your Company's Official Letterhead.

THIS IS AN INVOICE DEMANDING YOU REPAY THE ALLEGED LOAN YOUR COMPANY UNSUBSTANTIALLY FUNDED AND RETURN THE ORIGINAL PROMISSORY NOTE TOGETHER WITH THE RELEASE OF THE ORIGINAL MORTGAGE AGREEMENT CONNECTED TO THE PROMISSORY NOTE SIGNED BY ME. YOU HAVE THIRTY (30) DAYS TO RESPOND TO THIS INVOICE. YOUR FAILURE TO DO SO IN THE ALLOTTED TIME WILL CONSTITUTE AS YOUR TOTAL ACQUIESCENCE AND DELIBERATE REFUSAL TO COMPLY WITH MY LAWFUL REQUESTS FOR DISCLOSURE PURSUANT TO THE TRUTH IN LENDING ACT. YOUR LACK OF COMPLIANCE TO MY NOTICES AND INVOICE MAY BECOME QUALIFIED AS PRIMA FACIE EVIDENCE OF YOUR BAD FAITH IN REGARDS TO THIS MATTER, AND MAY BE USED AGAINST YOU AS A CAUSE OF ACTION IN A COURT OF COMPETENT JURISDICTION.


_____                    _____

Hugo A. Lopez                                        Dinya Lopez


_____                    _____

Print Name                                              Print Name



Sworn To Before Me This

_____ day of July, 2014.


_____

Notary

3

# EXHIBIT D

## (DEFENDANT ATTORNEY'S LETTER)

**GreenspoonMarder** LAW

888-491-1120
www.gmlaw.com

From the desk of:
Frank A. Utset, Esq.
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Phone: 954.491.1120
Fax: 954.771.9264
Direct Phone: 954.343.6933
Direct Fax: 954.343.6934
Email: frank.utset@gmlaw.com

July 16, 2014

Hugo A. Lopez
1224 Pembroke Street
Bridgeport, Connecticut 06608

      Re:    Lando Resorts Corporation/Vacation Village at Parkway
              Contract No. 87957001006
              <u>GM File No. 03185.0279</u>

Dear Mr. Lopez:

This firm represents Lando Resorts Corporation, the "Developer" of the Vacation Village at Parkway timeshare resort located in Kissimmee, Florida. I am in receipt of and have reviewed your letters dated April 7, 2014, May 27, 2014, June 20, 2014 and July 9, 2014, as well as Developer's response to your letters. Be advised that you are not entitled to the majority of the items you have requested. While you failed to properly make a qualified written request, Developer your with the information you are entitled to receive.

Should you desire to review the original Promissory Note you executed at Closing, access to the original Promissory Note can be provided to you at the offices of the Custodial Agent located in Phoenix, Arizona. Your inspection of the original Promissory Note will be at your sole cost and expense. Please advise what date you would like to inspect the original Promissory Note so the necessary arrangements can be made.

Lastly, be advised that you are personally liable for your financial obligations due and owing under the Promissory Note. Should you fail to fulfill your financial obligations under the Promissory Note, Developer will pursue all remedies available at law and in equity in connection the collection of the amounts due and owing under the Promissory Note, including but not limited to court cost and attorneys' fees.

GOVERN YOURSELF ACCORDINGLY

GREENSPOON MARDER, P.A.

Frank A. Utset, Esq.
For the Firm

Lando Resorts Corproation

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**Hugo A. Lopez and Dinya Lopez,**          :          **14 CIV_____**
                                                                 :
                                    **Plaintiffs,**     :          **AFFIDAVIT**
                                                                 :     **:IN SUPPORT OF PLAINTIFFS**
                **-against-**                              :     **: DECLARATORY JUDGMENT**
                                                                 :**PURSUANT TO 28 U.S.C. §§ 2201, 2202**
**LANDO RESORTS CORPORATION,**       :              **& FRCP RULE 57**
                                                                 :
                                    **Defendant.**    :

STATE OF CONNECTICUT        }
                                                }ss:
COUNTY OF FAIRFIELD             }

  **COMES NOW** Plaintiffs, Hugo A. Lopez and Dinya Lopez, to hereby submit this Affidavit in Support of their Declaratory Judgment Complaint for just cause as is fully established within said Complaint. Plaintiff's justifiably and timely brings this action before the Court on grounds where a justiciable controversy exists that Plaintiffs respectfully request clarification of rights concerning matters of law and contract relations. Plaintiffs are not Attorneys, and are presenting their Complaint before the Court as *Pro Se* litigants.

  Plaintiffs have put forth their issues of concern in accordance with the requisite standard of pleadings as delineated in the FRCP and Heightened Pleading Standard stipulations where the Party seeking Declaratory Judgment must explicitly state claims showing they are entitled to relief. Plaintiffs have met said standard in its Complaint presently before the Court where they have asserted their claims of a legal or equitable interest by reason of danger of loss or uncertainty of rights or other jural relations; and

1

that there exists a *bona fide* substantial question or issue in dispute, or substantial uncertainty of legal relations which requires settlement between the parties.

Plaintiff's respectfully expect that if there is another form or proceeding that can provide the Plaintiff's seeking immediate redress in the Declaratory Judgment, that the Court graciously be of the opinion that Plaintiffs should be allowed to proceed with the claim for Declaratory Judgment despite the existence of such alternate proceeding.

Dated: _10 / 29._ , 2014.

Respectfully,

_Hugo_

Hugo A. Lopez

_Dinya Lopez_

Dinya Lopez


Sworn to Before Me This

_29_ , day of _OcT_ , 2014

_Michael Robles_

Notary

Acct. # 85286

MITCHELL ROBLES
**NOTARY PUBLIC**
My Commission Expires April 30, _2018_


cc: LANDO RESORTS CORPORATION
    2626 East Oakland Park Blvd., 6th Floor
    Fort Lauderdale, Florida 33306
    Attn: Lili B. Kent, Corporate Relations Officer

2

**VERIFICATION**

Plaintiffs, Hugo A. Lopez and Dinya Lopez make the following statements pursuant to 28 U.S.C. § 1746. We have read and prepared the within Declaratory Judgment Complaint and we affirm that it is true and correct of our own personal knowledge, except as to those matters stated on information or belief, and as to those matters, we believe it to be true.

We declare under penalty of perjury, under the laws of the United States of America, and the State of New York, that the foregoing is true and correct.

Date of Execution: 10/29/14

_____
Hugo A. Lopez

_____
Dinya Lopez

_____
Notary

Acct. # 85286

MITCHELL ROBLES
**NOTARY PUBLIC**
My Commission Expires April 30, 2018