UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HUGO A. LOPEZ and DINYA LOPEZ, | : | |
| Plaintiffs, | : | CIVIL ACTION NO. |
| | : | 3:14-CV-1609 (JCH) |
| v. | : | |
| | : | |
| LANDO RESORTS CORPORATION, | : | JUNE 2, 2015 |
| Defendant. | : | |

**RULING RE: DEFENDANT'S MOTION TO DISMISS (Doc. No. 20)**

**I.      INTRODUCTION**

Pro se plaintiffs Hugo and Dinya Lopez (the "Lopezes") brought this action against Lando Resorts Corporation ("Lando") for alleged illegalities relating to an agreement for the Lopezes' purchase of a time share interest in condominium from Lando.  Lando filed a Motion to Dismiss (Doc. No. 20) asserting that: (1) the agreement between the parties contained an enforceable forum selection clause designating the Southern District of Florida as the forum, and (2) the Lopezes failed to state a plausible claim for relief.

For the following reasons, the court grants in part and denies in part Lando's Motion.

**II.     FACTUAL BACKGROUND**

The Lopezes' Complaint (Doc. No. 1) is not entirely clear.  However, as they are acting pro se, the court construes the Complaint as liberally as is reasonable and

1

possible.  The court understands the Complaint to allege the following facts, including by way of attaching various documents.[1]

The Lopezes agreed to purchase a timeshare interest in a condominium located in Florida.  See Compl. ¶ 1.  At the same time, the Lopezes executed a loan agreement to finance $11,691.  See id. ¶ 3.  This agreement provided that monthly installments of principal and interest would be paid, with the balance due on or before February 15, 2020.  Id.

On April 2, 2014, Mr. Lopez called the office building at the condominium complex in which his timeshare was located about a disagreement over a maintenance bill.  See id. ¶ 4.  Kareen Wedderburn answered the call and informed Mr. Lopez that Lando was the developer of the condominium complex, and that it had funded the loan for the time share.  Id.  Ms. Wedderburn's reference to his loan caused Mr. Lopez to question whether Lando actually funded the loan because he had never received any proof or confirmation of this fact.  See id.  Mr. Lopez asked Ms. Wedderburn for such proof.  Id.

The Lopezes also formally requested this information in a "Qualified Written Request" sent to Lando on April 7, 2014.  Id. ¶ 6.  In May through July of 2014, the Lopezes sent additional correspondences to Lando, "requesting full disclosure of specific information relating to the funding of the Loan Agreement and Note."  Id. ¶ 7.  Lando never provided the requested information.  Id. ¶ 8.  Instead, Lando responded in

---

[1] "In determining the adequacy of [a] complaint, the court may consider any written instrument attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as documents upon which the complaint relies and which are integral to the complaint."  Subaru Distributors Corp. v. Subaru of Am., Inc., 425 F.3d 119, 122 (2d Cir. 2005).

the form of a letter from counsel, explaining that the Lopezes were not entitled to the requested information.  Id. ¶ 9.

The Lopezes explain that they are "seeking clarification of their rights from the Court to determine whether the Defendant's [sic] have misrepresented the nature and material facts of [their] Loan Agreement and funding of [their] Note."  Id. ¶ 10.

### III.     STANDARD

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must determine whether the plaintiff has stated a legally cognizable claim by making allegations that, if true, would show that the plaintiff is entitled to relief.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007) (interpreting Rule 12(b)(6), in accordance with Rule 8(a)(2), to require allegations with "enough heft to 'sho[w] that the pleader is entitled to relief'" (alteration in original)).  The court takes the factual allegations of the complaint to be true, Hemi Grp., LLC v. City of New York, 559 U.S. 1, 5 (2010), and draws all reasonable inferences in plaintiff's favor, Fulton v. Goord, 591 F.3d 37, 43 (2d Cir. 2009).  However, the tenet that a court must accept a complaint's allegations as true is inapplicable to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

To survive a motion pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 556).

The court may consider written instruments attached to, or incorporated by reference by, the complaint. See Subaru Distribs. Corp. v. Subaru of Am., Inc., 425 F.3d 119, 122 (2d Cir. 2005). The court need not "accept the allegations of the complaint as to how to construe such documents," but any contractual ambiguities should be resolved in favor of the plaintiff at the motion to dismiss stage. Id.

## IV. DISCUSSION

Lando offers two grounds to dismiss the Lopezes' claims. First, Lando argues that the operative contract between it and the Lopezes has a valid and enforceable forum selection clause. Second, Lando asserts that the Lopezes' Complaint fails to state a claim.[2] The court addresses these arguments in turn.

### A. Forum Selection Clause

Courts engage in a four-part analysis to determine whether to dismiss a claim based on a forum selection clause. See Phillips v. Audio Active Ltd., 494 F.3d 378, 383 (2d Cir. 2007). First, the court considers whether the clause was reasonably communicated to the party resisting enforcement. Id. Second, the court must "classify the clause as mandatory or permissive, i.e., to decide whether the parties are required to bring any dispute to the designated forum or simply permitted to do so." Id. (emphasis in original). Third, the court determines whether the claims and parties are

---

[2] Lando also argues that venue is improper because of the forum selection clause. The court need not address this argument because it concludes that the forum selection clause is not mandatory. See Part IV.A., infra.

actually subject to the forum selection clause.  Id.  If the court determines that the clause was reasonably communicated, mandatory, and applicable to the claims and parties, it is presumptively enforceable.  Id.  The final step of the inquiry requires the court to decide whether the party resisting enforcement of the clause has rebutted this presumption "by making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching."  Id. (internal quotation marks omitted).

> The forum selection clause in the contract between the parties provides that:
>
> Purchaser (a) hereby irrevocably submits itself to the process, jurisdiction and venue of the courts of the State of Florida, Broward County, and the United States District Court for the Southern District of Florida for the purpose of suit, actions, or other proceedings arising out of this Agreement or the subject matter hereof . . .

Def.'s Mem. Supp., Ex. A.  The court declines to dismiss the case because the forum selection clause is permissive:  the clause simply states that the Lopezes will submit to the jurisdiction of the identified courts.  The forum selection clause contains no language suggesting that jurisdiction in Florida is mandatory or exclusive.  In the absence of such language, courts will interpret forum selection clauses as permissive.  See, e.g., Nagel v. Residential Resort, LLC, No. 3:03CV2246 (PCD), 2004 WL 288808, at *2 (D. Conn. Feb. 6, 2004) (stating that "[t]he majority of courts considering the issue have held that absent clear language of exclusive jurisdiction, an FSC is permissive," and citing numerous cases).  Given that the Lopezes commenced this litigation, there is no question of them "submitting" to jurisdiction.

5

B.   Failure to State a Claim

Although it is not entirely clear, the Lopezes appear to seek relief for Lando's alleged violations of the Uniform Commercial Code and the Truth in Lending Act and for its alleged failure to follow generally accepted accounting practices. The Lopezes complain that Lando "did not actually provide any money to fund their Note," and that, apparently for that reason, Lando has not been forthcoming with information relating to the agreement between the parties.

Even with the obligation to construe pro se complaints generously, see, e.g., Estelle v. Gamble, 429 U.S. 97, 106 (1976), the court cannot discern any cause of action in the Lopezes' Complaint. The gist of the Lopezes' Complaint appears to be that Lando never funded the loan. However, the documents from the transaction between Lando and the Lopezes, which the court can consider as being either incorporated by reference or integral to the complaint, see e.g., DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010), reveals that the arrangement between Lando and Lopez was a purchase money mortgage, i.e., Lando sold an interest in the timeshare property to the Lopezes for a down payment and a promise to repay the balance and interest within a set period of time. See Def.'s Mem. Supp, Ex. A (Doc. No. 21-1); Compl., Exs. A, B. Therefore, the court does not understand the Lopezes' claim that Lando did not "fund" the note. To the extent the Lopezes became liable on a "note," Lando gave them the time share interest. The Lopezes' other claims all appear to stem from this issue, so the court cannot discern any other basis for relief in the Lopezes' Complaint. In light of the Lopezes' pro se status, the court dismisses the

6

Lopezes' Complaint with leave to replead so that they have an opportunity to clarify any claims that they may have.

**V.   CONCLUSION**

For the foregoing reasons, the court **GRANTS** Lando's Motion to Dismiss (Doc. No. 20).  The Lopezes may file an Amended Complaint to clarify their claims.  Any Amended Complaint should be filed on or before June 23, 2015.

The court **DENIES** Lando's Motion to Strike Plaintiffs' Impermissible Sur-Reply (Doc. No. 35).  While such pleadings are not allowed and plaintiffs are allowed to file no more sur-reply pleadings without leave of the court, given the court's ruling dismissing the Complaint, it did review the pleading to see if any argument therein would change its Ruling.

Finally, because the court grants Lando's Motion to Dismiss, it **TERMINATES** as moot the Lopezes' Motion for Preliminary Injunction (Doc. No. 38) and the Lopezes' Motion to Strike Defendant's Motion in Opposition to Plaintiff's Motion for Preliminary Injunction (Doc. No. 44).  If the Lopezes file an Amended Complaint and state a claim, they can refile their Motion for Preliminary Injunction.

**SO ORDERED.**

Dated at New Haven, Connecticut, this 2nd day of June, 2015.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge